Marcos D. Sasso (SBN 228905)
sassom@ballardspahr.com
**BALLARD SPAHR LLP**
2029 Century Park East, Suite 800
Los Angeles, CA 90067-2909
Telephone: (424) 204-4400
Fax: (424) 204-4350

Jonathan M. Bye (admitted *pro hac vice*)
byej@ballardspahr.com
**BALLARD SPAHR LLP**
80 South Eighth Street, 2000 IDS Center
Minneapolis, MN 55402-2119
Telephone: (612) 371-3211
Fax: (612) 371-3207

Attorneys for Defendants Best Buy Co., Inc. and Best Buy Stores L.P.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| DEANNA DORNAUS, individually and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>vs.<br><br>BEST BUY CO., INC. and BEST BUY STORES L.P.,<br><br>Defendants. | **CASE NO. 4:18-cv-04085-PJH**<br><br>CLASS ACTION<br><br>[Assigned to the Hon. Phyllis J. Hamilton]<br><br>**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION**<br><br>**Hearing Date and Time:**<br>**Date:** January 9, 2019<br>**Time:** 9:00 a.m.<br>**Courtroom:** 3<br><br>**Complaint Filed:** July 9, 2018<br>**First Amended Complaint Filed:** November 14, 2018<br>**Trial Date:** None |

**TABLE OF CONTENTS**

I.      INTRODUCTION ................................................................................................................. 1

II.    THE PARTIES AGREE THAT THE ARBITRATION AGREEMENT APPLIES AND THAT ALL OF PLAINTIFF'S CLAIMS ARE WITHIN ITS SCOPE........................... 1

III.   PLAINTIFF CANNOT AVOID ARBITRATION BY RELYING ON *MCGILL*. ................... 2

      A.      Plaintiff Lacks Standing to Seek Injunctive Relief. ........................................................ 2

            1.      Standing Must Be Addressed in This Motion. .................................................. 2

            2.      Plaintiff Lacks Standing. .................................................................................... 2

      B.      Plaintiff Does Not in Fact Seek or Allege a Claim for Public Injunctive Relief. .......... 3

      C.      The *McGill* Rule Is Preempted by the FAA. ................................................................ 4

      D.      Even If the Provision of the Arbitration Agreement Relating to Public Injunctive Relief Is Applicable But Unenforceable Under *McGill*, the Rest of the Arbitration Agreement Is Not Null and Void. ........................................................ 5

IV.   THIS ACTION SHOULD BE STAYED PENDING ARBITRATION. .................................. 6

V.    CONCLUSION ...................................................................................................................... 7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adkins v. Comcast Corp.*,
   No. C-17-6477 VC, 2018 U.S. Dist. LEXIS 26066 (N.D. Cal. Feb. 15, 2018) .............................. 4

*American Express Co. v. Italian Colors Restaurant*,
   570 U.S. 228 (2013) .................................................................................................................. 5

*Benson Pump Co. v. S Cent. Pool Supply, Inc.*,
   325 F. Supp. 2d 1152 (D. Nev. 2004) ....................................................................................... 6

*Blair v. Rent-A-Ctr., Inc.*,
   No. 17-02335-WHA, 2017 U.S. Dist. LEXIS 163979 (N.D. Cal. Oct. 25, 2017) ..................... 4

*City of Los Angeles v. Lyons*,
   461 U.S. 95 (1983) .................................................................................................................... 3

*Clapper v. Amnesty Int'l USA*,
   568 U.S. 398 (2013) .................................................................................................................. 2

*Davidson v. Kimberly-Clark Corp.*,
   889 F.3d 956 (9th Cir. 2018) ................................................................................................ 2, 3

*Ferguson v. Corinthian Colleges, Inc.*,
   733 F.3d 928 (9th Cir. 2013) .................................................................................................... 5

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*,
   528 U.S. 167 (2000) .................................................................................................................. 2

*Lujan v. Defs. of Wildlife*,
   504 U.S. 555 (1992) .............................................................................................................. 2, 3

*Magana v. DoorDash, Inc.*,
   No. 18-cv-03395-PJH, 2018 U.S. Dist. LEXIS 181091 (N.D. Cal. Oct. 22, 2018) .................. 6

*McArdle v. AT&T Mobility LLC*,
   No. 09-cv-01117-CW, 2017 U.S. Dist. LEXIS 162751 (N.D. Cal. Oct. 2, 2017) .................. 5, 6

*McGill v. Citibank*,
   393 P.3d 85 (Cal. 2017) .................................................................................................... passim

*Roberts v. AT&T Mobility LLC*,
   No. 15-cv-03418, 2018 U.S. Dist. LEXIS 42235 (N.D. Cal. Mar. 14, 2018) ........................ 2, 4

*Summers v. Earth Island Ins.*,
   555 U.S. 488 (2009) .................................................................................................................. 2

*Vandevere v. Lloyd*,
    644 F.3d 957 (9th Cir. 2011) ................................................................................................. 4

**Statutes**

9 U.S.C. § 3 ................................................................................................................................... 6

I. **INTRODUCTION**

Plaintiff's opposition to Best Buy's motion to compel individual arbitration rests solely on her interpretation of the California Supreme Court's decision in *McGill v. Citibank*, 393 P.3d 85 (Cal. 2017). As Best Buy's opening brief made clear, however, *McGill* does not apply here for three reasons. First, Plaintiff lacks standing to assert a claim for injunctive relief. Second, Plaintiff does not actually seek "public injunctive relief" as defined by *McGill*. Third, *McGill* is preempted by the FAA.

Additionally, Plaintiff's characterization of the Arbitration Agreement as containing a "poison pill" provision is patently wrong. Even if the Court were to determine that *McGill* renders the Arbitration Agreement unenforceable as to her purported claim for public injunctive relief, under the plain language of the Arbitration Agreement, the remainder of Plaintiff's claims must still be arbitrated on an individual basis. In that scenario, the Court should stay the case as to the injunctive relief claim pending the outcome of that arbitration.

II. **THE PARTIES AGREE THAT THE ARBITRATION AGREEMENT APPLIES AND THAT ALL OF PLAINTIFF'S CLAIMS ARE WITHIN ITS SCOPE.**

Plaintiff explicitly states that she is not challenging Best Buy's arguments that the Arbitration Agreement contained in the Card Agreement is generally valid and enforceable, that Best Buy has standing to enforce the Arbitration Agreement, and that Plaintiff's claims are within the scope of the Arbitration Agreement—i.e., "the arguments in Section III" of Best Buy's opening brief. (*See* Opp. Br. at 1 n.1; *see also* Opp. Br. at 3, referring to Montgomery Decl., Ex. 3 as the applicable arbitration provision.[1]) She also does not challenge that pursuant to the Arbitration Agreement, her claims must be individually arbitrated. It is therefore undisputed that except to the extent the Arbitration Agreement is unenforceable under *McGill,* Plaintiff's claims are subject to individual arbitration.

---

[1] References to Plaintiff's Opposition Brief are to the page number at the bottom of each page, not to the ECF-assigned page number.

### III. PLAINTIFF CANNOT AVOID ARBITRATION BY RELYING ON *MCGILL*.

#### A. Plaintiff Lacks Standing to Seek Injunctive Relief.

##### 1. Standing Must Be Addressed in This Motion.

It is well settled that an action cannot survive unless the plaintiff has standing. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). Moreover, a plaintiff must be able to establish standing separately for each form of relief sought. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 185 (2000). If a plaintiff lacks standing for any such claim, there is no "case" or "controversy" for a court to properly consider for that claim. *See Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018). The Court must therefore, on the present motion, make a determination as to Plaintiff's standing to bring her claim for public injunctive relief.

The case Plaintiff cites in support of postponing this analysis is inapposite. There, while the court concluded that the question of particular plaintiffs' standing "may be subject to further adjudication," it had the authority to rule on the enforceability of the arbitration clause because another of the named plaintiffs had the requisite standing and was subject to an identical arbitration provision. *Roberts v. AT&T Mobility LLC*, No. 15-cv-03418, 2018 U.S. Dist. LEXIS 42235, at *29 (N.D. Cal. Mar. 14, 2018) ("Given that Mr. Roberts has standing, the Court may at this juncture properly declare the arbitration provision unenforceable."). Here, Plaintiff is the only named plaintiff in this action—if she does not have standing, there is no basis for the Court to proceed with further analysis under *McGill*.

##### 2. Plaintiff Lacks Standing.

As the party asserting the claim, Plaintiff has the burden of proving she has standing to bring a claim for public injunctive relief. This requires her to demonstrate that "the threat of injury [is] actual and imminent, not conjectural or hypothetical." *Davidson*, 889 F.3d at 967 (quoting *Summers v. Earth Island Ins.*, 555 U.S. 488, 493 (2009)). "In other words, the 'threatened injury must be ***certainly impending*** to constitute injury in fact' and 'allegations of ***possible*** future injury are not sufficient." *Id.* (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (emphasis in *Clapper*)). "Where standing is premised entirely on the threat of repeated injury, a plaintiff must show 'a sufficient likelihood that he will again be wronged in a similar way.'" *Id.* (quoting *City of Los*

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION

*Angeles v. Lyons*, 461 U.S. 95, 111 (1983)).

These requirements do not change based on the "importance" of the purported benefit the injunction is supposed to achieve, (*see* Opp. Br. at 6). *See, e.g.*, *Lujan*, 504 U.S. 555 (holding that wildlife conservation organizations did not have standing to bring an action for purposes of protecting threatened species). Even though certain California and Ninth Circuit decisions have allowed claims for public injunctive relief related to "false advertising" to move forward, the plaintiffs in those actions still had to demonstrate standing.

Despite her attempts to mirror the allegations in *Davidson*, Plaintiff fails to show she has standing for a public injunctive relief claim. In *Davidson*, the Ninth Circuit found that

> a previously deceived consumer ***may*** have standing to seek an injunction against false advertising or labeling. . . . In some cases, the threat of future harm may be the consumer's plausible allegations that she might purchase the product in the future, despite the fact it was once marred by false advertising or labeling, as she may ***reasonably, but incorrectly***, assume the product was improved.

*Davidson*, 889 F.3d at 969-70 (emphases added). There is a key difference between the facts underlying *Davidson* and what Plaintiff alleges in her Amended Complaint. In *Davidson*, the plaintiff plausibly alleged that, as to the wipes that were the subject of the suit, she would have "no way of determining whether the representation 'flushable' is in fact true." *Id.* at 971. It would indeed be essentially impossible for the average consumer to conduct scientific tests or access the sewer system to determine the truth or falsity of the "flushable" representation for herself. Plaintiff, however, can quickly and easily determine on her own whether an alleged representation of "0%" or "no interest" financing is in fact accurate—all she would have to do is refer to the terms and conditions of the applicable agreement. As a result, the holding of *Davidson* does not apply to Plaintiff and her failure to meet the federal standing requirements to seek injunctive relief—whether public or otherwise—therefore requires rejection of her attempt to avoid arbitration on such grounds.

### B. Plaintiff Does Not in Fact Seek or Allege a Claim for Public Injunctive Relief.

As Plaintiff notes, *McGill* defines "public injunctive relief" as relief that "has the primary purpose and effect of prohibiting unlawful acts that threaten future injury to the general public." *McGill*, 393 P.3d at 90. Plaintiff, however, is not seeking "public injunctive relief" in order to protect

the general public—she asserted those claims in a futile attempt to rescue claims *on behalf of a class* from individual arbitration.  Thus, while an action on behalf of a class is not necessarily incompatible with an action for public injunctive relief, here the latter is used only as a means of securing the former.

The Amended Complaint contains no allegations of conduct as to the public at large. Furthermore, any relief on behalf of other individual card holders who have entered into Card Agreements with Citibank would be private, rather than public, in nature and thus outside *McGill*'s scope.  Again, as compared to the claims brought against Best Buy in *Stinson*, Plaintiff (and Plaintiff's counsel) here added the UCL claim simply as a last gasp to avoid arbitration.  Such artful pleading is insufficient to transform a claim for private relief into a claim for public injunctive relief as defined in *McGill*.

### C. The *McGill* Rule Is Preempted by the FAA.

As set forth in detail Best Buy's opening brief, *McGill* is preempted by the FAA and is therefore not binding on this Court.  (*See* Br. at 18-20.)  It is of no matter that *McGill*, as Plaintiff argues, "itself considered and rejected arguments that the FAA would preempt its ruling." (*See* Opp. Br. at 13, citing *McGill*, 363 P.3d at 94-98.)  After all, federal courts "owe no deference to state courts" on "questions of federal law." *Vandevere v. Lloyd*, 644 F.3d 957, 964 (9th Cir. 2011).  Though district court decisions on this issue may hold some persuasive value, the Ninth Circuit has yet to rule on this question.[2]  The Court is therefore not bound by any of the prior analyses Plaintiff cites.  The Court should instead recognize that the question of whether the FAA's "effective vindication" exception applies to a state (rather than a federal) statute involves the interpretation of federal law, not an interpretation of state law; as such, the decisions in *American Express Co. v. Italian Colors Restaurant*,

---

[2] The main district court decisions Plaintiff cites for the proposition that *McGill* is not preempted by the FAA have been appealed to the Ninth Circuit, which appeals are pending before that court.  *See McArdle v. AT&T Mobility LLC*, No. 09-cv-01117-CW, 2017 U.S. Dist. LEXIS 162751 (N.D. Cal. Oct. 2, 2017), *appeal docketed*, No. 17-17246 (9th Cir. Nov. 2, 2017); *Blair v. Rent-A-Ctr., Inc.*, No. 17-02335-WHA, 2017 U.S. Dist. LEXIS 163979, (N.D. Cal. Oct. 25, 2017), *appeal docketed*, No. 17-17221 (9th Cir. Oct. 30, 2017); *Adkins v. Comcast Corp.*, No. C-17-6477 VC, 2018 U.S. Dist. LEXIS 26066 (N.D. Cal. Feb. 15, 2018), *appeal docketed*, No. 18-15288 (9th Cir. Feb. 22, 2018); *Roberts v. AT&T Mobility LLC*, No. 15-cv-03418-EMC, 2018 U.S. Dist. LEXIS 42235, (N.D. Cal. Mar. 14, 2018), *appeal docketed*, No. 18-15593 (9th Cir. Apr. 6, 2018).  As of December 11, 2018, oral argument in *Blair* has been noticed for February 12, 2019.

570 U.S. 228 (2013) and *Ferguson v. Corinthian Colleges, Inc.*, 733 F.3d 928 (9th Cir. 2013), rather than the contrary rule announced in *McGill*, are controlling.

### D. Even If the Provision of the Arbitration Agreement Relating to Public Injunctive Relief Is Applicable But Unenforceable Under *McGill*, the Rest of the Arbitration Agreement Is Not Null and Void.

The Arbitration Agreement provides that "if any part of this arbitration provision is deemed invalid or unenforceable, ***the other terms shall remain in force***." (Montgomery Decl. Ex. 3 at 7, emphasis added.) As a result, even if the Court were to find that the provision precluding the arbitrator from awarding public injunctive relief was applicable but unenforceable under *McGill*, the arbitration agreement would remain in force as to Plaintiff's other claims.

Citing *McArdle v. AT&T Mobility LLC*, No. 09-cv-01117-CW, 2017 U.S. Dist. LEXIS 162751 (N.D. Cal. Oct. 2, 2017), Plaintiff tries to argue that if the provision of the Arbitration Agreement relating to public injunctive relief is invalid, then the entire Arbitration Agreement is null and void—effectively, that the Arbitration Agreement contains a "poison pill" provision. (*See* Opp. Br. at 12.) Even a cursory review, however, reveals that the provision in *McArdle* is significantly different from the one here. Specifically, the arbitration clause in *McArdle* read as follows:

> The arbitrator may award declaratory or injunctive relief only in favor of the individual party seeking relief and only to the extent necessary to provide relief warranted by that party's individual claim. <u>YOU AND AT&T AGREE THAT EACH MAY BRING CLAIMS AGAINST THE OTHER ONLY IN YOUR OR ITS INDIVIDUAL CAPACITY, AND NOT AS A PLAINTIFF OR CLASS MEMBER IN ANY PURPORTED CLASS OR REPRESENTATIVE PROCEEDING</u>. Further, unless both you and AT&T agree otherwise, the arbitrator may not consolidate more than one person's claims, and may not otherwise preside over any form of a representative or class proceeding. ***If this specific provision is found to be unenforceable, then the entirety of this arbitration provision shall be null and void.***

*Id.* at *3 (emphasis added to last sentence). Comparing the plain language of the provision in *McArdle* with the Arbitration Agreement, there is no question as to which contains the "poison pill"—there is nothing in the Arbitration Agreement that could be similarly construed. As the court in *McArdle* noted, in cases where the parties dispute whether claims are subject to arbitration, "[t]he procedure to be followed . . . is dictated, not by other courts' findings regarding the procedures set forth in other arbitration agreements, but by the specific procedures contracted to by the parties in the arbitration

agreement at issue here." *Id.* at *12. Thus, how the court interpreted the agreement in *McArdle* does not control how the Court should interpret the very different language here.

Even if the Court were to find the provision of the Arbitration Agreement relating to public injunctive relief applicable but invalid, by its specific language, the other terms of the Arbitration Agreement remain in force. As a result, in that circumstance, while the claim for public injunctive relief would remain with the Court to resolve, **all** of Plaintiff's other claims (including her claims for monetary relief for Fraud and Fraudulent Inducement, Negligent Misrepresentation or Omission, Unjust Enrichment, and violation of the California Unfair Competition Law) are subject to arbitration and must be resolved in arbitration on an individual basis consistent with the express terms of the parties' agreement.[3]

## IV. THIS ACTION SHOULD BE STAYED PENDING ARBITRATION.

Defendants moved for a stay of this action pending arbitration. Plaintiff requests that if the Court compels individual arbitration of her claims (as it should for the reasons set forth above), that it dismiss, rather than stay, this case. (Opp. Br. at 18.) As the Court recently held, however, there is no reason for the Court "to depart from the FAA's plain language in this instance." *Magana v. DoorDash, Inc.*, No. 18-cv-03395-PJH, 2018 U.S. Dist. LEXIS 181091, at *18-19 (N.D. Cal. Oct. 22, 2018) (quoting the FAA, 9 U.S.C. § 3, as providing that a court "***shall on application of one of the parties stay the trial of the action***" (emphasis in original)).

Even if the Court compels individual arbitration of all but Plaintiff's purported public injunctive relief claims, the Court's stay pending completion of arbitration should include that claim, and Plaintiffs do not argue otherwise. Encompassing nonarbitrable claims in a stay-pending-arbitration "is appropriate where the arbitrable claims predominate, or where the outcome of the nonarbitrable claims will depend upon the arbitrator's decision." *See Benson Pump Co. v. S Cent. Pool Supply, Inc.*, 325 F. Supp. 2d 1152, 1160 (D. Nev. 2004). Here, both tests are met—Plaintiff's

---

[3] In the event that the Court were to accept Plaintiff's "poison pill" argument, Best Buy requests that, in the interest of efficiency, the Court should stay this action pending the Ninth Circuit's decision on whether *McGill* is preempted by the FAA. *See Hodges v. Comcast Cable Commc'ns, LLC*, No. 18-cv-01829-HSG, 2018 U.S. Dist. LEXIS 169098 (N.D. Cal. Nov. 16, 2018) (staying case pending the Ninth Circuit's decision on the question of whether *McGill* is preempted by the FAA).

DMNORTH #6687876 V3                                  6                                  Case No. 4:18-cv-04085-PJH
REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION

multiple arbitrable claims predominate over her one purported claim for public injunctive relief, and whether Plaintiff would be entitled to any such relief will depend on whether Defendants are found to have misrepresented the deferred-interest financing program.  Accordingly, in any event, this entire case should be stayed pending individual arbitration.

## V.      CONCLUSION

Plaintiff does not dispute that the Arbitration Agreement is valid and enforceable, that Best Buy has standing to enforce the Arbitration Agreement, or that her claims are within the scope of Arbitration Agreement.  Plaintiff's claims as to public injunctive relief are fatally flawed, notwithstanding that the rule announced in *McGill* is preempted by the FAA.  As such, Plaintiff should be compelled to uphold her contractual obligations and arbitrate her claims on an individual basis.

Dated:  December 11, 2018                         BALLARD SPAHR LLP

                                         By:    */s/ Marcos D. Sasso*
                                                 Marcos D. Sasso
                                                 Attorneys for Defendants

# CERTIFICATE OF SERVICE

I hereby certify that on December 11, 2018, I electronically filed a true and correct copy of the foregoing **REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION** through the Court's CM/ECF system which will send a notice of electronic filing to all parties.

*Attorneys for Defendants*
*/s/ Marcos D. Sasso*
Marcos D. Sasso